RUHLMAN and others *against* The Commonwealth.

IN ERROR.

*Lancaster,*
*Monday,*
May 25.

A writ of error does not lie to the judgment of the Quarter Sessions upon an appeal by supervisors of roads from a summary conviction by a justice of the peace; the proceedings in such cases not being according to the course of the common law.

*H*OPKINS for the Commonwealth, moved to quash the writ of error in this case, upon the ground that the proceeding below did not warrant that writ.

The plaintiffs in error were supervisors of highways in *Manheim* township, in the county of *York*, and had been summarily convicted and fined by a justice of the peace, under the 12th section of the act of the 6th of *April* 1802.

The rule is, that where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method, or in a new course different from the common law, a writ of error does not lie, but a certiorari.

3 *Smith's Laws* 517. That section enacts, that " all and every " supervisor and supervisors of the highways, who shall " refuse or neglect to do and perform his or their duty, as " directed by this act, and for which penalties are not herein " before provided, shall be fined in any sum not less than four " dollars, nor exceeding fifty dollars, to be recovered *in a* " *summary way*, before any justice of the peace of the county, " to be applied towards repairing the public roads and high- " ways, within the respective townships where such fines " and penalties are incurred. Provided that if any supervi- " sor or supervisors shall conceive himself or themselves " aggrieved by the judgment of a justice of the peace, he or " they may *appeal by petition* to the next Court of Quarter " Sessions, *who shall take such order thereon, as to them* " *shall appear just and reasonable, and the same shall be con-* " *clusive.*"

1812.

RUHLMAN
*v.*
COMMON-
WEALTH.

From the conviction by the justice, the plaintiffs in error appealed, in conformity with this law, to the Quarter Sessions, where, the charge being preferred against them in an informal way, they pleaded not guilty, and were upon a trial by jury again convicted. It was from the judgment of the Sessions upon this verdict, that the writ of error was brought.

On behalf of the motion, it was contended, 1. That the proceeding being summary, and not according to the course of the common law, the remedy, if any existed, was by *certiorari*, and not by writ of error; and that it was not like an appeal from a justice in a civil case, where the action in the Common Pleas was on the footing of an original suit, and was prosecuted in the same manner from the declaration to the issue and trial; but it was a proceeding wholly under the statute, in which no formality was used, and where the justices of the Sessions without regard to the course of the common law, were instructed to do what should appear just and reasonable. The trial by jury below was not a matter of right. 2. The defendants below have no remedy, the judgment of the Sessions being conclusive.

*Duncan* contra, argued 1. That the proceeding, though summary before the justice, was formal before the Sessions,

1812.

RUHLMAN
v.
COMMON-
WEALTH.

and, no course being prescribed by the statute, was subject to the rules of the common law. It was completely analogous to the cases in which this court had sustained writs of error to judgments of the Common Pleas upon appeals from justices in civil suits. *Beale* v. *Dougherty* (*a*), *The Commonwealth* v. *Judges of the Common Pleas* (*b*). The trial was by jury, which is a method exclusively of the common law, and therefore brings the case within the rule of *Greenvelt* v. *Burwell* (*c*). Besides, it was not essential that common law *forms* should be used, if the court was a court of record, and rendered its judgment according to the course of the common law, as was the case here. *Martin* v. *The Commonwealth* (*d*). This court has all the powers of the King's Bench in *England*, as to the examination and correction of all manner of errors of the Sessions, and to extend the remedy, writs of error were made grantable of course. Act of 1772. 1 *Smith's Laws* 139. 2. That nothing was meant by the concluding phrase of the section on which this proceeding was founded, but to make the judgment of the Sessions conclusive as to matters of fact, not as to matter of law. The same position which the Commonwealth has taken here, was held not to be tenable, in *Lawson* v. *The Commissioners of Highways* (*e*).

TILGHMAN C. J. This case comes before us on a motion to quash the writ of error. The plaintiffs in error, supervisors of the highways in *Manheim* township in the county of *York*, were convicted before a justice of the peace of a breach of duty in not repairing and amending one of the highways within their district. The jurisdiction of the justice is founded on the 12th section of the act for laying out, making and keeping in repair, the public roads and highways, &c. passed the 6th of *April* 1802. The act provides that if any supervisor shall conceive himself aggrieved by the judgment of a justice of the peace, he may appeal to the next Court of Quarter Sessions, who shall take such order thereon as to them shall appear just and reasonable, and the same shall be conclusive. The general rule is, that where a new jurisdic-

---

(*a*) 3 *Binn.* 432.          . (*d*) 1 *Mass. Rep.* 386.
(*b*) 3 *Binn.* 273.               (*e*) 2 *Caines* 182.
(*c*) 2 *Saund.* 101. *a. note.*

tion is created by statute, and the court or judge exercising it, proceeds in a summary method, or in a new course, different from the common law, a writ of error does not lie, but a *certiorari*. There is no doubt but that the proceedings before the justice are not removable by writ of error; but the plaintiffs in error contend, that when the cause was removed to the Court of Quarter Sessions, the proceedings were in that court, according to the course of the common law; and several cases were cited from *Binney's* Reports, to shew that proceedings before a justice in civil cases, having been carried by appeal to the Court of Common Pleas, a writ of error to this court lies on the judgment of the Court of Common Pleas. But these cases are not applicable to the point in question. When a civil cause is removed to the Court of Common Pleas, the whole proceedings there are *de novo*, and exactly according to the course of the common law. There is a declaration, plea, issue, and trial by jury, just as if the suit had been commenced originally in that Court. Not so in the present instance. The intent of the act of assembly plainly appears, to bring these charges against supervisors of the highways to a speedy decision, and from the nature of the case a speedy decision is necessary, because the people suffer while the cause is delayed. The Court of Quarter Sessions are authorised " to take such " order as shall appear just and reasonable," which may be very different from the course of the common law. It is true, that they did proceed by jury trial; but it cannot be said that the exact course of the common law was preserved. There was no indictment; but the appellants having pleaded not guilty to a charge which does not appear to have been exhibited with any kind of certainty, were tried and convicted by a jury. Taking into view the whole record, it does not appear to be a proceeding according to the course of the common law. I am therefore of opinion that the writ of error should be quashed.

YEATES J. The plaintiffs in error have been convicted of a breach of duty as supervisors of the highways in *Manheim* township in *York* county, before a justice of the peace, and have been fined twelve dollars. They appealed by petition to the Quarter Sessions, pleaded not guilty to the charge, and

1812.

RUHLMAN
*v.*
COMMON-
WEALTH.

1812.

RUHLMAN
v.
COMMON-
WEALTH.

were convicted on a trial by jury without indictment. They have sued out a writ of error, and a motion has been made on the part of the Commonwealth to quash it.

These proceedings have taken place under section 12 of the act of the 6th of *April* 1802, 5 *St. Laws* 188., which has provided, that supervisors neglecting to perform their duty, shall be fined in any sum not less than four dollars nor exceeding fifty dollars, to be recovered *in a summary way* before any justice of the peace of the county; but has allowed the supervisors, conceiving themselves aggrieved by the judgment of the justice, to appeal by petition to the next Court of Quarter Sessions, " who shall take such order "thereon as to them shall appear just and reasonable, and " the same shall be *conclusive.*"

The distinction is thus taken in *Greenvelt* v. *Burwell*, 1 *Salk.* 263. 144. *S. C., Carth.* 494., *Com. Rep.* 80., 1 *Lord Ray.* 469. Wherever a new jurisdiction is erected by act of parliament, and the court or judge that exercises this jurisdiction, acts as a court or judge of record, *according to the course of the common law*, a writ of error lies on their judgments; but where they act in a *summary method*, or in a *new course, different* from the common law, a writ of error does not lie, but a *certiorari.*

The justice here is directed to proceed in a summary way, and the sessions on the appeal are to take such order as to them shall appear just and reasonable. In the language of Lord *Holt* in the case cited, as reported in 1 *Lord Ray.* 469., for the purpose of an appeal under this act, " it was a court " newly instituted, empowered to proceed by methods un- " known to the common law, as there is no need to have an " indictment, or such formal judgment as in other cases; as " there is no need to say, *ideo consideratum*, &c., but only " *quod solvat*, &c." Such appears to be the plain meaning of this act.

It seems therefore irresistibly to follow, that a writ of error will not lie in the present instance; and I am of opinion that the same should be quashed.

BRACKENRIDGE J. gave no opinion, having been prevented by indisposition from sitting at the argument.

Motion allowed.