Per Curiam.

The first exception taken to the proceedings brought before us by the certiorari in this case relates to the sup posed insufficiency of the description, contained in the original com plaint, of the lands alleged to be flowed. But we are of opinion that the exception cannot prevail. * The [ * 464 ] description is sufficient for the purpose of directing the view of the jury.
The verdict is objected to on ground somewhat similar. The jury have said the flowing shall not be “ higher than has been usual heretofore.” It is true that this will always require paroi testimony to explain or ascertain the height. So, also, would it have been, if the jury had returned certain monuments, as rocks, trees, &c., as the extreme height to which the water should flow. Parol evi *418 dence would be equally necessary, and equally competent, in both cases. The jury have said, also, that “ the respondent shall not raise the dam from its present state,” &c. The state of the dam at that time must have been a matter of great notoriety, and as capable of proof as any known and permanent monument in the vicinity.
Upon the affirmance of proceedings brought before this Court upon certiorari, the respondent cannot have costs.
After the Court had decided that the proceedings should be affirmed, Bigelow moved for costs to be taxed for French, who had been called on to maintain the judgment.

Richardson

objected that costs were never allowed on certiorari.

Bigelow

replied that, though this was in form a writ of certiorari, as the original proceedings were not pursuant to the course of the common law, yet, as they were, in effect, an action between party and party, so the present process was, in its nature and substance, a
It is further objected that, in this case, retrospective damages were given by the judgment on the verdict, and that such judgment is not authorized by the statute, which it is said regards prospective injuries only. Without deciding, at this time, that an action at common law will not lie for this injury, since the statute has provided this new and more convenient remedy, which is a point we have before us in another county, (a) we are clearly of opinion that the process provided by the statute was intended to cover the previous damages, as well as to form a rule or measure of damages for the future; and also that the judgment might well include the amount of damages sustained between the commencement of the process and the day of rendering the judgment, since this would save the bringing a fresh process immediately for such intermediate damages.
Though the proceedings in this case are not precisely according to the course of the common law, we think the Court had authority to issue an execution for the damages and costs for [ * 465 ] which they had rendered judgment, under the * general authority given them by statute to award execution when they shall have given judgment. (2), (b)

Proceedings affirmed.

*419 writ of error rather than a certiorari; and upon writs of error, when the judgment called in question is affirmed, costs are uniformly allowed to the defendant in error.
The cause was continued for the consideration of this motion, and at this term the opinion of the Court thereon was delivered by
Jackson, J. After the affirmance of the proceedings in this case at the last October term, a motion was made, in behalf of French, the original complainant against Ellis in the Court of Common Pleas, for costé of the suit in this Court; considering Ellis as plaintiff, and French as defendant, in error. It was contended that the writ of certiorari is substantially the same as a writ of error; that the latter was the proper process in this case; and although there was no scire facias to French to hear errors, and no plea by him, still the Court might consider the suit according to its nature and effects, and award costs as on a writ of error.
This leads to the inquiry whether a writ of error would lie in tiiis case.
* The general principle is well settled. If the judg- [ * 466 ] rnent complained of was rendered by a court proceeding according to the course of the common law, a writ of error lies; on which, in case of reversal, this Court is authorized to render the same judgment as the court below ought to have rendered. But if the court below proceed in a course different from that of the common law, the only mode of correcting any error that may have occurred is by a certiorari; on which this Court, not having the same special jurisdiction, cannot, in any case, render such judgment as ought to have been rendered below ; but can only affirm the proceedings, if found to be regular, or quash them, if the court below has exceeded its jurisdiction, or proceeded in a manner not warranted by the statute, or other authority, under which it acts.
The original process was founded on the statute of 1795, c. 74, for the support and regulation of mills. The object of that statute is twofold : first, to give a remedy for damages already sustained ; and, secondly, to establish a measure of damages for the future. This last is a substitute for an agreement or composition by the parties. The jury are to make an appraisement of the yearly damages done to the complainant by flowing his lands; and their verdict, returned, allowed, and recorded, is to be the measure of yearly damages, until one party or the other shall, by a like process, obtain an increase or diminution thereof. It has the effect of a composition by deed. An action of debt may be brought on the record ; but no execution issues, and no scire facias lies, for the future damages. The owner of the land may require security for the payment of such damages from time to time; and if the owner of the mill *420 neglects or refuses to give such reasonable security as the Court shall order, he is to have no benefit of the act. The composition thus established runs with the land, and extends to and binds, not only parties to the record and privies, but their grantees or assignees of the land. The jury are also to determine [ * 467 ] how far the flowing may be necessary, * and during what portion of the year the land may be flowed. By the additional statute, (1797, c. 63,) if there is any subsisting agreement to flow without payment of damages, it is a bar to this process, the object of the statute having already been attained.
All these proceedings, so far as respects the second object of the statute, are evidently different from the course of the common law. Neither the statute nor the common law gives this Court authority to enter such judgment or order as the Court of Common Pleas ought to render ; and of course the only mode of reexamining their proceedings is by a certiorari.
This construction is fortified by the additional statute ■ before referred to. By that statute an appeal is given to this Court from the interlocutory judgment, that may be rendered on the plea of the mill owner, denying the complainant’s right to the lands flowed, or claiming a right to flow them; but in case the final judgment be against the respondent, we cannot proceed to ascertain the damages ; but the judgment here is certified to the Court of Common Pleas, upon which they proceed, in the manner before mentioned, to have the damages ascertained.
It makes no difference that the court which is authorized to award this process is a court of record, nor that the proceedings are matter of record. In the case of Groenvelt vs. Burwell & Al., (3) it was said by Lord Chief Justice Holt that the defendants, the college of physicians, were justices of record, and that what they did was matter of record, inasmuch as they had power to fine and imprison ; yet that their proceedings could be reexamined only by a certiorari, and that no writ of error would lie, “ because it was a court newly instituted, empowered to proceed by .methods unknown to the common law.”

Motion overruled.

 The Court probably referred to the case of Stowell vs. Flagg, decided in Worcester on the present circuit. Vide ante, page 364.

 Stat. 1782, c. 11.

6) Vide note to Stowell vs. Flagg, ante, 364.

 1 Lord Raym. 454.