LEWIS <em>against</em> WALLICK.

*Chambers-
burg.*

IN ERROR.

*Monday,*
September 29.

A writ of error does not lie upon proceedings in a domestic attachment.

THIS was a writ of error to the Common Pleas of *Bedford* county, in the return to which the Court of Common Pleas of *Bedford* county sent up the record of a domestic attachment, by virtue of which the property of the plaintiff in error was seized by the sheriff, and delivered to trustees, appointed by the Court, under the act of 4th *December,* 1807.

3 SR  410
203     378

3sr 410
f225  20J

*S. Riddle,* for the defendant in error, moved to quash the writ of error, on two grounds.  1. That the Court of Common Pleas has given no final judgment, nor made any final order or decree in the case.  2. That a writ of error does not lie, because the proceedings are not according to the course of the common law.

*Huston,* contra.

1817.

LEWIS
*v.*
WALLICK.

TILGHMAN C. J. 1st. As to the first exception, the general rule is, that error does not lie before final judgment; and this rule is founded on great reason; because there would be no end to suits, if they might be removed to the superior Court on suggestion of error, in every stage of the proceedings. In the present case, there was nothing like final judgment, order, or decree. The trustees appointed by the Court, to take charge of the defendant's property, were to convert it into money, pay his debts, and make return of their proceedings to the Court, and, in case of any dispute, concerning a debt due, either to, or from the defendant, the Court might direct an issue, and have the matter tried by jury. But, after all, it is a proceeding in which no judgment, final or interlocutory, is to be rendered, and, therefore, it would be throwing the defendant into a very embarrassing situation, to tell him, that in order to have his writ of error, he must wait for that which will never happen. It is better to say at once, on the ground of the second exception, that he can never have a writ of error, and therefore he must turn his attention to some other remedy. It is a principle which has been established by this Court, that where the proceedings are contrary to the course of the common law, a writ of error does not lie. The case of *Ruhlman* v. *The Commonwealth*, 5 *Binn.* 24, is in point. In all cases of orders, concerning the settlement of the poor, and in all cases of orders concerning roads, the practice has uniformly been, to remove the proceedings, not by writ of error, but *certiorari*. Now, it requires but very little consideration of the attachment act, to be satisfied that, in no feature do the proceedings bear any resemblance to the common law. The object of the attachment is, not to obtain judgment and execution for the plaintiff's debt, but to seize on the defendant's whole estate, which is to be vested in trustees, who are to convert it into money, and apply the proceeds to the payment of all his debts. The trustees have very extensive powers; they may break open houses to come at the defendant's property, and examine, on oath, all persons who are supposed to be indebted to him, or to have knowledge of his estate. In many respects, their power resembles that of commissioners of bankruptcy; and their proceedings are under the superintendance and controul of the Court, who will exercise their authority, on the

application, either of the trustees themselves, or of the creditors, or debtors of the defendant. It is unnecessary to enter into a further detail. Enough has been shewn, to make it clear, that the proceedings partake not of the nature of the common law. It is conceded by the counsel for the plaintiff in error, that according to adjudged cases in *England*, and in the Supreme Courts of *New York* and *Massachusetts*, no writ of error would lie in this case. He is aware also, of similar decisions in this Court. But he takes for granted, that under our acts of assembly there is no other remedy, and therefore supposes, that this Court would be justified in introducing a change of the law. Whether or not there is another remedy, is not now the question. But even supposing that a *certiorari* was forbidden by act of assembly, (which I am far from asserting,) it would by no means follow, that the Court had power to alter the nature of a writ of error, by applying it to cases to which it had been settled that it was not applicable. If there were really a defect of remedy through the act of the legislature, no authority short of the legislature could cure it. Inasmuch, then, as this writ of error cannot be supported, without departing from fixed principles, I am of opinion that it should be quashed.

GIBSON J. concurred.

DUNCAN J. concurred.

Writ of error quashed.