The opinion of the Court was delivered by
Duncan J.
In an action of debt on a record, or scire facias, where the record is the foundation of the action, and not merely inducement, where its existence is put in issue, or a variance in its statement, nul tiel record is the proper plea. In a scire facias post annum et, diem, the defendant is called on to shew cause, why execution should not go on the judgment. It is a maxim of law, that there can be no averment in pleading against a record, though there may be against its operation, and therefore, no matter of defence can be pleaded, which existed anterior to the judgment. The second plea of the plaintiff in error, the defendant below, was mil tiel recorf informally and shortly drawn up. In practice, it is not usual to conclude pleas, either to the Court or country, but if a plaintiff requires it, the Court will direct them to be put in a legal form. If this had been required, the defendant would have concluded this plea to the Court, and the plaintiff below should have replied by re-asserting his record, and concluded with a prayer, that it might be viewed and inspected by the Court, and a day given to the parties, 1 Chitty Pl. 480. 571. 2 Chitty Pl. 625. 3 Bl. Com. 330, 331. Under the compulsory arbitration system, on the expiration of twenty days after report filed, without appeal, it becomes a judgment of the Court, on which a writ of error lies; but the Court of Common Pleas, on evidence of the want of notice of the appointment of arbitrators, or of their meeting, may set aside the judgment after twenty days, in the same manner as they would any fraudulent judgment entered in the Court, for if they did not possess this power, the whole system would be an outrage on common sense and common justice, for as the plaintiff might enter his rule for arbitration, as the law stood when this arbitration took place, on the commencement of the action, and before the service of the writ, a man without notice, and without a hearing, might be condemned to the amount of his whole estate. If the Court doubt *242 ed the proof, they might direct an issue to try that fact, for it is an inherent power in every Court, to interpose on motion, and prevent the commission of.a fraud, or proceedings carried on, in the name, and by colour of their authority; for in supposition of law, the judgment is the judgment of the Court, and the party having no opportunity of- pleading it^, would be without redress, if the Court did not relieve on motion. Audita querela would lie in such case, and wherever that writ would lie, the Court would grant relief on motion. So universal is the course of granting summary relief, that it has driven out of use, and rendered obsolete, the writ of audita querela. This judgment, on the report of arbitrators, must be assimilated to a judgment by default, or by confession on a warrant of attorney; and as nothing which existed prior to the judgment, could be pleaded or given in evidence, in a scire facias on such judgments, so neither can it be done in a scire facias on a judgment on a report of arbitrators ; and as in the one case, the Court, after issuing a scire facias, would on a proper case made out, help the party to a defence in the original action, M'Farland v. Irwin, 8 Johns. 77, so in the present casej the defendant might, on the fact being made out, of the proceeding being without notice, and ex parte, by application to the Court of Common Pleas, have been relieved, if the allegation was true, that he had not notice, and was no party, either to the appointment of arbitrators or their meeting; though from the evidence, it is very apparent, that he has no cause of just-complaint on this ground. But, it would be a subversion of the whole order of pleading and of trial, to permit that which is purely matter of recorcl, to be tried otherwise than by inspection of the record. The second plea consisted solely of matter of the record, for the issuing of a writ, is matter of record, in the Court from which it issued, and if the defendant plead, that no such precept was sued out, the plaintiff must reply there was such record, and conclude , with praying, that the record may be inspected. Whitman v. Rook, Sayer's Rep. 299. Here the error was committed by the defendant in error, in talcing issue to the country, instead of . re-asserting the existence of the judgment; but, if any matter of fact as well as matter of law be put in issue, in that case the conclusion may be to the country. Peter v. Stafford, Hob. 244. Eshler v. Smallite, Payer, 268. So pn the plea of for *243 mer recovery, which is part law and part fact, the plaintiff traverses the fact, and takes issue on the record, for a recovery in a former action, is only prima facie evidence, though apparently lor the same cause, that the subsequent demand has been tried; it is not conclusive, and must be submitted to the consideration of a jury. Van Vechten v. Croy, 2 Johns. 227. 428. For though the defendant set forth the record of the other suit, that was matter of inducement; the essence of the plea, is the former recovery for the same cause. It follows, that the parol evidence, as to the manner in which the proceeding to judgment was conducted, ought not to have been received. The case of the plaintiff below did not require it; for so long as the judgment remained, as it could not be impeached by witnesses, so it could not be supported by them, for as is observed by Sir Edward Coke — a, record is of so high a nature, and importeth in itself such absolute verity, that if it be pleaded, there is no such record, it shall not receive any trial, by witness, jury, or otherwise, but only by itself. 1 Inst. 117. 260. The strict or formal plea here was, nul tiel record, which was tried by a jury and witnesses, and the errar is therefore manifest.
Judgment reversed, and a venire facids de novo awarded.