The opinion of the court was delivered by
Duncan, J.
The natural order of considering the errors specified in the record, is, first.to take up the question on the power of the court to direct the issue. There is no exception to the opinion of the court on the trial of .the cause, and the record shows that Neff and Kendig put in their plea to this declaration, and went to trial on that issue. That the judgment in York county, if first entered, would merge the specialty debt, we have no doubt. The power to confess a judgment, or judgments, was satisfied by the entry of the first judgment. That this, however, cannot be taken advantage of on a writ of error seems equally clear. The court in which the second judgment was entered, would, under common circumstances vacate it. This was done by this court in Martin v. Rex, 6 Serg. & Rawle, 296. The judgment, however, was not considered as void, but irregular, and a sale under it would give the purchaser a good title. The attorney, as well-as the plaintiff, would however be answerable for the consequences. How far and under what circumstances the court would! exercise that inherent power, on the application of a third person, to let in his subsequent judgment, is what the court, at present, refrain from touching. Each ease must depend on its special circumstances. Cases may occur in which justice would require the court not to interpose. *171 The motion, like others for summary relief, is one on which the court usually exercise their judgment without the intervention of a jury, and I do not see the propriety of directing an issue, unless it be to ascertain some disputed fact. Share v. Becker, 8 Serg. & Rawle, 242. The issue is to inform the conscience of the court. This is likewise the practice in chancery; for where the facts are complicated and uncertain, the chancellor, under a feigned issue, will send them to be investigated at law, in order to obtain an oral examination of the witnesses and a trial by jury. 3 Bl. Com. 452. It is an issue to be moulded by them, as their discretion dictates. Whether there was any disputed fact, except as to the time of entering the first and second judgments, I know not. I therefore cannot say this was an injudicious exercise of the power of the court. It is not broader than the issue devisavit vel non, which involves many facts, besides the mere execution and publication of the will; the sanity of the testator, his infancy, or his dotage;, fraud in obtaining the will. Judging from the record, the court cannot see any thing which would justify them in reversing for a matter so purely in their discretion and under the power of the court. The mode of doing it the court cannot know, nor judicially undertake to decide on. The consideration of the court, in a case of this kind, is not the subject of a bill of exceptions, nor can it be assigned for error. It was a matter entirely with them, and cannot be viewed, from the inspection of the record, as an alteration of a record in judgment, but as the legitimate exercise of a discretionary power intrusted to them by the laws of the land. The court, therefore, cannot perceive any error in directing the issue, that can be reviewed or corrected here. Indeed,-1 cannot look at any thing but the action, which is an action on a wager claimed by Barr. The wager itself admittéd by the pleading, and the issue whether the event had happened on which Neff and Kendig had lost the wager, and therefore nothing properly can be considered but whether any error took place in the trial of thafcaclion, or in the judgment rendered on it. If there was error in the trial, improper evidence received, proper evidence rejected, an error in any opinion delivered by the court and excepted to, the parties have their remedy, if they are aggrieved, by writ of error, and the plaintiffs here have availed themselves of that remedy; and ! am of opinion that there was error in rejecting the entry of the hour of entering the Lancaster judgment, and 1 mean not to go out of the record to decide any point. But it is not unworthy of consideration, whether the plaintiff below ought not to have pleaded the time of the entry of his judgment, and whether the burden of proof would not lie on him. There are, in legal proceedings, no fractions of a day. The judgments, if in the same .court, are, in contemplation of law, at the same instant. There could be no inquiry which was first entered, when both were entered on the same day; in a common case, for instance, if there be different judgments by *172 different plaintiffs against the same defendant, on the same' day, in the same court. But if the law would allow, and I think it would, the inquiry made into the priority of instant when the power was first executed, where it had been twice executed in different courts, for the purpose of binding lands in different counties— then if the party by his own act has created the difficulty, to cast the burden of the proof of a fact, peculiarly within his knowledge, but not within the knowledge of his adversary, on his adversary, would be a hardship which it is questionable whether the law would subject him to. But certainly if it did, it would allow him to use the best evidence the nature of the ease would admit of, and I cannot see what, better- evidence he could offer than the entry in the docket; not because it is a matter of record, conclusive of the fact, but evidence of the transaction of the man who had both judgments entered, or of his agents. The entry, it is proved by the declarations of Barr, was to be made at the time of day in which the confession of judgment took place. It was done so in the York judgment by his direction, and that it’was to be so entered on the Lancaster judgment, and for the very purpose of ascertaining thepriority of time, the clerk who made the entry testifies. It was by the instructions of the agent who brought the declaration to the office, and when the clerk, though he has no precise recollection on the subject, but what the entry furnishes, swears that it was done by direction at the time, as he believes, and that it would not have been done without such direction, and when the man now objecting’to it, acknowledges that it was to be so done, to deprive the party of all means of proving this important fact, would be shutting out the light of the sun.- There was evidence that this was the act of Barr; done by his direction; entered in the docket by his direction. It was part of the res gesta, and it was persuasive evidence, when the party declared that this unusual entry was to be made, when it was proved to have been so made, thát it was made at the time it purports, by his direction. For this reason, I am of opinion that the judgment should be reversed anda venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.