Rogers, J.
This suit is brought upon a bond to which defendant pleads payment with leave, &c. Replication, non solvit and issue; on which state of the pleadings the parties went to trial.
The plaintiff, to maintain his case, offered in evidence the bond, on which the suit, was brought, to which the defendant objected generally, and now assigns for error, that the bond varies from the instrument declared on. The plea of payment admits the execu *177 tion of the bond, but if it should satisfactorily appear to the court that it is not the same instrument mentioned in the plaintiff’s statement, it would be the duty of the court to reject the evidence. This however is not the case here. The statement and the bond offered in' evidence have the same parties, the same sum and the same date. Nor can I believe that the assignment being stated to have been made by John Irwin and John Lyons, when in truth it was made by John Irioin alone, would justify the court in reversing the judgment rendered in this case. This judgment could be pleaded in bar, and would avail the defendant in a subsequent suit brought upon this bond. I cannot doubt, that the bond offered in evidence, and the bond declared on are one and the same instrument. In the course of the trial, certain testimony which it is immaterial here to state, was rejected because the defendant had failed to comply with a rule of Court, which requires that notice should be given to the adverse party of the special matter on which the defendant intends to rely. It would be worse than useless for a court to make rules, unless they are enforced, and certain it is, that the court which makes them is the best judge of their construction.
Here there can be no doubt that the decision of the court was correct; nor will the admission of other evidence, without objection, vary the rule. For the purpose of obviating the objection of want of notice, the defendant offered.a plea, which he calls a plea of set-off, but which is merely a mpre formal mode of setting out his special matter, and which might have been given in evidence under the plea of payment with leave, &e. It is an ingenious device, to cure the omission of want of notice. To have, permitted him to do this., would be enabling him to do indirectly, what the court said he could not do directly. He would have been permitted to have given the evidence before rejected, or he would have succeeded in procuring a continuance of the cause.
The court, exercising a sound discretion, and believingT.here was no such informality in the pleadings as would affect the merits of the cause in controversy, refused to permit the plea to be added, and in that there was no error.
Judgment affirmed.