[ PHILADELPHIA, FEBRUARY 15TH, 1840. ]

## ROBERTS *against* AUSTIN.

### IN ERROR.

1. In an action in the District Court for the City and County of Philadelphia, by the payee of a bill, against the drawer, the defendant filed an affidavit of defence, stating that he, as agent for R. J. (the drawee of the bill,) purchased certain merchandize of the plaintiff; that the name of his principal was disclosed by him to the plaintiff at and · before the time of the purchase; that the merchandize was furnished to the principal, upon the credit and for the use of the principal; and that the bill of exchange was given by him to the plaintiff in payment for the said merchandize, &c.: *Held*, that this was a sufficient affidavit of defence to prevent a judgment.

2. A refusal to discharge a defendant, on the ground of his having been arrested while attending as a party or witness, is a matter of discretion with the Court below; the propriety of which cannot be reviewed in this Court.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action on the case, brought by Charles B. Austin against William Roberts, junior, to March Term, 1838, of that Court.

On the 7th of March, 1838, the plaintiff filed in the office of the prothonotary of the District Court, a copy of the instrument upon which the action was brought, and which was as follows.

"Dolls. 137 50.    Kensington Philada., October, 1st, 1836.

Four months after date, pay to the order of Mr. Charles B. Austin, agent of the Union Glass Works, one hundred and thirty-seven dollars and fifty cents, for value received, and charge the same to the account of, yours, &c.

WM. ROBERTS, JR.

Mr. Richard Jukes, Newark, N. J."

Across the face was written, "Accepted, for Richard Jukes, Richard Jukes, jr."

Endorsed, "Chas. B. Austin, agt. Union Glass Works."

VOL. V.—40

On the 7th of April, a rule was obtained to show cause why the *capias* should not be quashed, on the ground that the defendant, when arrested, was attending before an auditor appointed by the Orphans' Court, in a case in which he was a party and a witness. This rule was, after a hearing, discharged by the District Court. The decision of the Court upon this question formed one of the errors assigned, but as the Supreme Court gave no opinion upon it, holding that it was not revisable on error, the evidence is not here reported.

The defendant then filed the following affidavit of defence.

" William Roberts, junior, the defendant in the above-named action, being duly sworn according to law, saith, that he hath to the best of his knowledge and belief, a just and legal defence to the whole of the plaintiff's claim ; the nature and character of which defence is as follows:

The defendant, as agent for a certain Richard Jukes of Newark, New Jersey, purchased of the plaintiff certain merchandise ; and this defendant saith, that the name of his principal was disclosed by him to the plaintiff, at and before the time of said purchase ; and that the said merchandize was furnished to his said principal upon the credit and for the use of his said principal. And this defendant further says, that the bill of exchange upon which this action has been founded, and of which a copy has been filed by the plaintiff, was given by the defendant to the said plaintiff, in payment for the said merchandize so purchased as aforesaid. The defendant therefore avers, that he has received no consideration whatever for the said bill, and is not indebted to the plaintiff on this, or any other behalf."

The District Court, after argument, gave judgment for the plaintiff for want of a sufficient affidavit of defence. Whereupon the defendant took this writ of error,-and filed the following exceptions.

" 1. Because the affidavit of defence disclosed facts, which furnished a legal defence to the demand of the said plaintiff.

2. Because the plaintiff and defendant below, being original parties to the bill of exchange upon which this action was instituted ; and the said defendant, as set forth in the said affidavit, not having received any consideration for the same, the said defendant was not liable to the said plaintiff for the payment of the said bill.

3. Because the said plaintiff, as set forth in the said affidavit, knew that the said defendant purchased the goods for the value of which the said bill was given, as agent for a certain Richard Jukes, to whom and upon whose credit they were accordingly furnished.

4. Because the arrest of the said defendant was illegal, as at the

time the said arrest was made, he was here in attendance upon an auditor appointed by the Orphans' Court in relation to the accounts of a decedent's estate.

5. Because the said defendant could not be legally sued while so attending upon the said auditor."

Mr. *Broom*, for the plaintiff in error, argued—

1. That the defendant was, under the circumstances, privileged from arrest; in respect to which he cited *Smythe* v. *Banks*, (4 *Dall.* 329.) *Hurst's Case*, (4 *Dall.* 387.) *Miles* v. *M'Culloh*, (1 *Binn.* 177.) *Wetherill* v. *Seitsinger*, (1 *Miles*, 237.)

2. That the affidavit of defence was sufficient. *Story on Agency*, 260. *Meyer* v. *Barker*, (6 *Binn.* 234.) *Exparte Harcroft*, (12 *Ves.* 352.) *Kidson* v. *Dilworth*, (5 *Price*, 564; 2 *Eng. Exch. Rep.* 311.) *Hopkins* v. *Mehaffy*, (11 *Serg. & Rawle*, 126.)

Mr. *C. Ingersoll*, contra, cited *Philadelphia Library Co.* v. *Ingham*, (1 *Wharton*, 72.) *Miller* v. *Spreeher*, (2 *Yeates*, 162.) *Campbell* v. *Baker*, (2 *Watts*, 83.)

The opinion of the Court was delivered by

Rogers, J.—It is a well established rule of law, that when an agent names his principal, the principal is responsible, not the agent. But the agent must name his principal as the person to be responsible. It is alleged that the affidavit of defence is defective in this particular, that the defendant omits to aver, that the goods were sold on the credit of the principal alone. The affidavit must receive a reasonable construction, and the words used must be understood in their ordinary sense. Giving its language its usual import, the defendant substantially avers, that the principal alone was held responsible; that the bill of exchange was intended by both the contracting parties in the nature of an order on the principal for the money, without any idea that in any event the drawer was to be liable on the bill. The defendant says, that the name of his principal was disclosed by him to the plaintiff, at and before the time of the purchase. " The merchandise was furnished to his principal upon the credit and for the use of his principal." As there can be no doubt the defendant meant to assert that the goods were furnished for the use of the principal alone, it is equally clear that we must understand him to say, that they were furnished on his credit alone. It is the obvious and natural import of the language of the affidavit. They constitute one sentence, and the same construction must be applied to each. If this was the contract, the face of the instrument cannot alter the case, as is held in *Emmet* v. *Sharp*.[*] As between the immediate parties, the drawer may be discharged by proof *aliunde*, from the liability arising on the face of the bill itself.

[*] *Ante*, page 288.

(Roberts *v.* Austin.)

A refusal to discharge a defendant from arrest, is a matter purely of legal discretion, the propriety of which cannot be reviewed in this Court.

There are many summary proceedings in which a writ of error is not maintainable, as in case of a judge or Court discharging a defendant on common bail; moderating bail on *capias;* receiving the justification of bail; or in the case of a privileged person held to bail on an arrest. 2 *Yeates,* 162. 3 *Serg. & Rawle,* 410. 5 *Binn.* 24.

Judgment reversed and a *procedendo* awarded.