## STEPHEN WATERMAN *v.* ISAAC MERRITT & CO.[*]

One of the members of a late firm in New York, which had assigned its effects, and who was a resident in that State, attended as a party witness the trial of a civil action, brought by the assignees in the name of the firm, in the Supreme Court here, under a writ of protection issued by the court in the ordinary form, commanding all sheriffs and their deputies, that they "let" the said member "of and from all civil process, original and judicial, so long as he shall attend said court, and until he shall be discharged from the protection aforesaid, by this court at the present term." Under the protection, the member attended the trial, and remained until the cause was committed to the jury, when, on his way home, he was served with a writ of summons in a suit brought by the defendant in the action tried, against the nominal plaintiffs therein; the service upon him being the only service of the writ. The action thus commenced being entered at the next term, the court dismissed it, upon motion, for want of legal service of the writ.

THIS was a motion to dismiss a suit, upon the ground of illegal and void service. The defendant, late of the insolvent firm of Isaac Merritt & Co., of New York, and now residing in Dutchess county, in said State, had, with his copartner, made an assignment of the effects and credits of the firm, for the payment of their company debts; and amongst other credits, of one due from Stephen Waterman, the plaintiff in this suit. The assignees brought an action in this court against Waterman for the amount of the account claimed, in the name of the assignors; and the case standing for trial at the September term of this court, 1861, through their counsel in said case, moved for, and obtained from the court, a writ of protection for William T.

---

[*] This action was heard and determined at the March term, 1862; but the opinion of the court having been loaned and lost sight of, the Reporter did not receive it in time to insert it in its proper place.

Merritt, the present defendant, as a party witness in the case, in which he was, as above,. a nominal plaintiff. The writ of protection was issued on the 12th day of November, 1861, and was in the ordinary form, commanding the sheriffs of the several counties, and their deputies, that they "let the said William T. Merritt of and from all civil process, whether original or judicial, so long as he shall attend said court, and until he shall be discharged from the protection aforesaid by this court at the present term." Under this writ of protection, the said William T. Merritt attended the trial of the above case of Isaac Merritt & Co., at the September term of this court, 1861, and until the cause was committed to the jury, when, on his way home, he was, on the 26th day of November, 1861, served with a writ of summons in this action; this being the only service of the writ. The action, thus commenced, being entered at the present term, the counsel for the defendants now moved to dismiss it, for want of legal service of the writ, "the said William T. Merritt being, at the time when, according to the sheriff's return, he was served with the plaintiff's writ of summons, exempted from service of legal process, and under the protection of the court."

*Brownell & Ashley, for the motion.*

*T. A. Jenckes, against it.*

BRAYTON, J. The defendant in this case, William T. Merritt, being a party plaintiff in the suit of *Isaac Merritt & Co.* v. *Stephen Waterman,* and being also a witness in said suit, upon his application, procured from this court a writ of protection, by which the several sheriffs and their deputies were commanded, that they "let the said William T. Merritt of and from all civil process, whether original or judicial, so long as he shall attend said court, and until he shall be discharged from the protection aforesaid, by this court, at the present term." He attended during the trial, and until the cause was committed to the jury, and was on his way home, when he was served with the writ of summons in this case. He now moves, that the case be dismissed by this court, on the ground, that at the time of the service he was under the protection of this court, and exempt from all legal process.

It is not necessary, here, to determine, whether a suitor or

witness, resident within the jurisdiction and not specially protected by the order of the court, would be protected against all process, or from arrest only; or, whether, there be a distinction between one who resides within the jurisdiction, and one who comes from without it. If residing within the jurisdiction, he is so far within the protection of the court, without any special order, that in coming to, remaining at, and returning from the court where his attendance is rendered necessary to the administration of justice, he would be exempt from arrest and all restraint of his person, and if arrested, would be discharged from such arrest; but would not be protected from the service of any process which did not interfere with, or prevent his personal attendance,—as that of summons or foreign attachment,—neither would he be discharged of the suit, though arrested.

If he come from without the jurisdiction, and has not come within it upon the faith of any such special order, if arrested, he would also be discharged from the arrest. Among the English cases, none appear where any question is raised as to one coming from abroad. In this country, however, we meet with such cases; and the practice in different states certainly differs. In some states,—perhaps in most,—the party, or witness, is discharged from arrest, while the service is held sufficient to hold him to trial within the state. In some, however, the discharge from arrest is absolute, and the service held void and insufficient to found jurisdiction. In a case in Pennsylvania, the person arrested was a party in one case, and witness in another, and was arrested. The court discharged him from the arrest, but held him to trial. See, too, 5 Whart. 313. But in New York, on the contrary, uniformly, as to witnesses, the discharge is absolute, and the service held utterly void. *Sanford* v. *Chase*, 3 Cowen, 381; and in *Coburn* v. *Hopkins*, 1 Wend. 292, such was the order of the court. In a late case, *Seaver* v. *Robinson*, reported in 3 Duer. 622, one witness came from Rhode Island, voluntarily, for the sole purpose of testifying. He was not arrested, but served, as in this case, with a summons. Oakley, J. said he thought it of sufficient importance to bring it to the attention of his brethren, and says, " we all agree that the service shall be set aside, and the suit absolutely discharged."

They gave as a reason, that policy required that witnesses should be induced to appear, personally, in court.

The reports show no case of a witness or party arrested, or served with other process, where the court had specially ordered, as in this case, that he should be exempt from all legal process. It ought, perhaps, to be no matter of surprise that we meet with none. It would be matter of surprise, however, that in such case there should be any serious question as to the validity of a service, which the court itself, upon the application of the party, had expressly ordered its officers not to make. The party here served was a mere trustee to the party in interest in the suit, the trial of which he came to attend. He was made a party, not by his own choice, but at the will of the party in interest. He was, also, a witness; and as such, it was important to have his presence at the trial. His deposition could not be legally used; but his attendance could be no more compelled than that of any other witness. He might be unwilling. We are bound to presume that he was unwilling to come within this jurisdiction, if he was to be arrested, or if by any other process it should be made necessary for him to come again, to defend a suit, away from the domestic forums. The policy of the law, nevertheless, requires, because justice requires, his presence, and to this end, that his objection should be removed. A court, under such circumstances, would not hesitate, with this object, to grant the protection here promised and ordered. It has been ordered, and, we are bound to presume, properly ordered, and that it was asked for, and granted, in good faith. We are bound, also, to presume that upon the faith of just this protection, he has been induced to come within this jurisdiction. Having come upon the faith of such exemption, now to deny it him and leave him subject to this suit here, would be a breach of faith on the part of this court, which may not be. We can keep that faith only by ordering that he be let from this process, and that this suit be dismissed.