## Tallman-Anderson Company v. Moore.

*Claude C. Smith*, for plaintiff; *E. Wallace Chadwick*, for defendant.

NILES, P. J., 19th judicial district, specially presiding, May 24, 1930.—The function of the judge presiding at a trial such as the one in this proceeding is limited to supervision of orderly procedure, admission of evidence, and perti-

732

nent instructions to the jury in order that they may intelligently answer the question submitted by the chancellor. After the question has been answered by the verdict, review may be had by the trial judge as to his rulings. If he is convinced of error, he very properly may grant a new trial. His duties do not require or allow him to grant a new trial because the verdict, in his opinion, is contrary to the law or the evidence. These are questions to be determined by the chancellor, who has invoked the aid of the jury for the information of his conscience. Unless the trial judge is convinced that he has misguided the jury, his only duty is to certify the verdict, with the whole trial record, for further action by the chancellor. The entry of judgment by him on the verdict or against the verdict is not required nor allowable. No appeal could be taken from such judgment. The only possible review is by the chancellor in considering what weight he should give the verdict, as an element in his decree, and review by the appellate court of the final decree. Such practice seems logical and sustained by authority. The subject is considered in a careful opinion by the learned Judge Endlich, of Berks County, in Kelly v. Herb & Greenoff, 3 Dist. R. 284, the substance of which is: The purpose of an issue from the court of equity to the common pleas is to inform the conscience of the chancellor by means of the verdict of the jury as to the existence or non-existence of certain facts; their finding being, however, only advisory and never binding upon him. The proceeding on the law side is simply ancillary to that pending in the equity side. It is in the latter that any final decree must be made, and a determination of the issue in the law side is not conclusive as to what that decree shall be; hence, there is no power in the common law court to enter judgment even upon a verdict of a jury trying the issue. The trial judge can do no more than certify to the chancellor said fact finding and the evidence upon which it is based: Saylor's Appeal, 39 Pa. 495. When the correct course of practice is observed, there is nothing to which a writ of error can be taken, because no judgment can be properly rendered. The trial judge can give no judgment on the verdict of the jury. He can only certify the record of the finding to the chancery court: Baker v. Williamson, 2 Pa. 116.

The cases referred to by counsel for plaintiffs relating to the practice regarding will contests and other issues in Orphans' Court proceedings do not seem to be pertinent nor change the practice applicable to this case.

After the advantage of thorough argument by the learned counsel concerned and careful examination of the record of the trial, the judge presiding at the trial is not convinced of any material error therein.

Although the trial judge does not approve of the verdict and, were the case on other footing, might feel bound to grant a new trial or enter judgment n. o. v., in this proceeding he is absolved from deciding the questions therein involved.

In accordance with what is conceived to be the proper practice as indicated above, plaintiff's motion for new trial will be refused, and plaintiff's motion for judgment n. o. v. will also be refused because no judgment upon this verdict by the judge presiding at the trial is required.

And now, to wit, May 24, 1930, plaintiff's motion for new trial is refused and the rule granted thereon is discharged, and plaintiff's motion for judgment non obstante veredicto is refused and the rule granted thereon is discharged, and the verdict of the jury and the whole record, including the stenographer's notes of testimony, is certified to the chancellor who directed the issue from the Court of Common Pleas sitting in equity.

An exception is granted to all parties on the court's action in this regard.

From William R. Toal, Media, Pa.