## Meyers *versus* Prentzell *et al.*

A third party who has claimed to be the owner of goods levied on by the sheriff as the property of the defendants in an execution, will not, on the trial of an issue framed under the sheriff's interpleader act, be permitted to show a right to the possession of them as a lessee; having made a claim to the absolute ownership, and thus stayed the plaintiff's execution, he cannot set up a limited interest on the trial.

If such a claimant truly state his interest to the sheriff, the plaintiff may proceed to sell the property, subject to his rights.

CERTIFICATE from the Court of *Nisi Prius.**

This was a feigned issue framed under the Sheriffs' Interpleader Act of the 10th April 1848, between William L. Meyers, the claimant, and Samuel D. Prentzell and Charles Prentzell, trading as S. D. & C. Prentzell, the execution-creditors, to try whether certain goods levied on by the sheriff, under an execution against Maxwell & Cumming, were or were not the property of the said claimant.

On the 1st January 1855, John Bancroft and John Boustead

* This case was argued and decided in the Eastern district, on the 13th January 1859.

leased to James Maxwell, one of the defendants in the execution, "a building, with steam engine, in Eighth street above Willow street, for a flour-mill," for the term of ten years from that date. This steam engine was removed by Maxwell, and a new one was put up by him, in its place. Immediately afterwards, Maxwell entered into partnership with Samuel T. Cumming, the other defendant in the execution, under the firm of Maxwell & Cumming. This firm put in the other machinery for a flour-mill, and proceeded to carry on the business.

In September 1855, the firm of Maxwell & Cumming ceased business, and transferred the lease, steam engine, and machinery, to Cadwalader & Sellers, with the assent in writing of the lessors. On the 1st September 1856, Cadwalader & Sellers, with the like assent, transferred the premises to William L. Meyers and Isaac Hicks, for the term of one year from that date. And two months afterwards, Hicks sold out his interest in the said lease and business to his partner, William L. Meyers.

On the 17th November 1856, the sheriff of Philadelphia county levied on the steam engine and machinery, then in the possession of Meyers, under a *fieri facias* issued out of this court, at the suit of S. D. & C. Prentzell against Maxwell & Cumming, for $533.64. Meyers, thereupon, notified the sheriff, that he claimed the property levied on; and this issue was framed to try whether the same belonged to him or not.

On the trial, the court, having heard the plaintiff's evidence, on motion of the defendants' counsel, entered a judgment of nonsuit, which was here assigned for error.

*B. H. Haines* and *E. S. Miller*, for the plaintiff in error.

*Perkins*, for the defendants in error.

The opinion of the court was delivered by

STRONG, J.—When the execution was levied upon the articles, as the property of Maxwell & Cumming, the plaintiff Meyers claimed them as his. The claim was not a restricted one; not a claim to the possession merely, or to the right of possession for a limited time, but it asserted absolute and exclusive proprietorship. To support such a claim he became the actor, and upon its basis, the issue was formed, and the parties went to trial. Before the jury, the plaintiff, instead of proving that the property in the articles levied upon was in him, disproved it. The evidence submitted by him established, that the ownership was either in Bancroft & Boustead, or in Maxwell & Cumming, the defendants named in the execution. It proved nothing in himself more than a temporary right of possession under a lease for a year. Had he stood upon his possession alone, he might have had a *primâ facie* case, for simple possession is some evidence of ownership of personal property; but

[*Meyers v.* Prentzell *et al.*]

he disproved the fact which would otherwise have been presumed. A limited right of possession was not the issue which he tendered, and which he undertook to maintain. Whether he might have claimed such a right, and tendered such an issue, is not the inquiry now. It is sufficient to notice that he did not. By asserting a claim to the property in the subject seized in execution, by giving bond, and assuming the affirmative of an issue averring such a claim, he withdrew the property from the grasp of the sheriff. The creditors' security is now in the bond alone. If the plaintiff can maintain the issue, by proving only a right of possession in himself for a day or for a year, the penalty of the bond will not be forfeited, and the creditors' execution has become entirely fruitless. Yet it cannot be doubted, that no one but the owner can dispute the title of Maxwell & Cumming to the property seized, as against the execution-creditor. It is equally undeniable, that if the property belonged to Maxwell & Cumming, the creditor had a right to sell it, even though Meyers may have had a temporary right of possession, under a lease, mediately or immediately, from the owner. The sale would not, indeed, disturb the possession of the lessee, but the goods leased were liable to sale, subject to his rights. Srodes *v.* Cavin, 3 *Watts* 258. *Brightly's Purd.* 331, Execution, pl. 13. Now, the reason why a stranger to the execution is allowed to interpose a claim, tender an issue, give bond, and thus discharge the goods from the hold of the execution, is, that, if the fact which he asserts and undertakes to prove be true, the sale would be wrongful. Had Meyers claimed only a partial *interest,* the lien of the execution upon the property would not have been lost. The sheriff might have sold only the interest of the debtor subject to the rights of the claimant. He would not have been compelled to withdraw entirely from his hold upon the goods and chattels, and thus leave them to be eloigned, or exposed to seizure at the suit of another creditor. All this evidences that the issue must correspond with the claim, and that when absolute and exclusive property is pleaded, it must be proved. If the claimant is unwilling to assume the burden of showing such a right of property in himself, he should tender his issue, and give bond accordingly. By so doing, he would secure his own rights, without destroying those of the execution-creditor. We think that, in this case, the plaintiff failed to make out the fact which the issue asserted, and consequently the nonsuit was right.

We express no opinion upon the questions whether the property levied upon was real or personal, or whether there was any evidence of a lease of it to the claimant by any one authorized to let it. Our opinion relates only to the failure of evidence to support the affirmative of the issue raised by the pleadings.

Judgment affirmed.