## Townsend W. Knowles, Appellant, *v.* Mary Jacobs.

*Appeals—Form of feigned issue not reviewable.*

A feigned issue is in form a complete action, and whether it shall be granted is largely a matter of discretion with the court. It is to be molded as the court dictates, and the mode in which this is done is not the subject of a writ of error.

*Feigned issue—Evidence must conform to the pleadings.*

An insurance company being liable on a policy of insurance and the money having been paid into court an issue was framed as between plaintiff and defendant, each claiming the insurance money, to determine the right to it. *Held,* that evidence to prove that plaintiff and defendant agreed that each party should have one half the insurance was properly rejected under the pleadings and that, no further evidence being offered, the court properly instructed the jury that the offer failed to show " that the plaintiff is entitled to the insurance money " and that there was no error in directing a verdict for the defendant who was the nominated beneficiary under the policy.

Argued Jan. 18, 1897. Appeal, No. 41, Jan. T., 1897, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1896, No. 280, on verdict for defendant. Before Rice, P. J. Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Feigned issue to determine the right to the proceeds of two policies of insurance. Before Gunster, J.

The facts sufficiently appear in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in refusing to admit the testimony of Mrs. Elsie Knowles, called by the plaintiff on direct examination under the following offer:

By Mr. Vosburg: We offer to prove by the witness on the stand that Alanson Thomas had been living with her husband and herself at their hotel for some time prior to his death, and that he died there largely indebted to them; that prior to his death he had given his premium receipt book in which the payment of premiums on these policies were entered and that

Mr. Knowles, her husband, had paid certain premiums on these policies; that immediately after the death, Mary Jacobs the defendant, came to their place and that she and T. W. Knowles had a talk about to whom the insurance should go, each party claiming they were entitled to it; after some discussion Mary Jacobs proposed that each party should have one half the insurance, to which Mr. Knowles agreed. To be followed by evidence of Mr. Knowles showing he brought suit in pursuance of said agreement and so notified Mary Jacobs, the defendant.

By Mr. Davis: The first part of the offer is objected to as immaterial, the general character is not within the terms of the policy by payment of which the insurance company could discharge its contract. In regard to the second part of the offer we object to it because no such promise is declared upon in the declaration, and the appropriate action to enforce such promise is by an action of assumpsit. The whole offer is immaterial, irrelevant and incompetent.

By the Court: The objections are sustained.

(2) In directing the jury to find a verdict for the defendant, as follows: " I direct you to render a verdict in favor of the defendant."

*A. A. Vosburg,* with him *W. S. Hulslander,* for appellant.— Under the terms of the policy the plaintiff was a beneficiary because a beneficiary is a person for whose benefit the insurance was effected: 2 May on Ins., 888.

The plaintiff, being a creditor, is therefore a lawful beneficiary. Corson's Appeal, 113 Pa. 438.

The Act of May 10, 1871, P. L. 265, gives the court power in any stage of the proceedings to permit an amendment or change in form of action, if the same shall be necessary for a proper decision of the cause upon its merits. This act certainly gave the court power to so amend the issue as to do justice between the plaintiff and defendant, even though it became necessary to change the form of action, and this amendment could be made at the trial: Taylor v. Hanlon, 103 Pa. 504.

*J. P. Kelly,* with him *J. Alton Davis* and *John R. Edwards,* for appellee.—In the present case there was no offer to show an indebtedness existing at the time the policies were issued, or

an indebtedness equal to the amount in controversy, or any assignment of the policies to Knowles or any appropriation by Thomas, the insured, of the amount of these policies to Knowles.

It has never been held that a mere creditor could by suit compel payment, and thus deprive a widow of her exemption, or take from preferred creditors a fund that would be first applied to payment of funeral expenses, or for medical services during the last sickness.

The policies were never in the possession of Knowles, the plaintiff, but were in the possession of Mary Jacobs. They were produced by her on the trial in pursuance of notice from Knowles.

OPINION BY SMITH, J., April 12, 1897:

The Metropolitan Life Insurance Company issued two policies on the life of Alanson Thomas, payable to the " executor or administrator, husband or wife, or any relation by blood, or lawful beneficiary of the insured." In the application for the insurance, Mary Jacobs was named as the beneficiary, and the policies were delivered to and retained by her.

Upon the decease of Thomas, both the plaintiff and the defendant claimed the insurance. The insurance company declined to pay either, and Knowles brought suit. The company subsequently paid the money into court, and an issue was framed, between Knowles as plaintiff and Mary Jacobs as defendant, to determine the right to it.

On trial, the plaintiff offered to prove that Thomas died largely indebted to himself and wife; " that prior to his death he had given his premium receipt book, in which the payment of premiums was entered, and that Knowles had paid certain premiums on these policies; " that after the death of Thomas the plaintiff and defendant agreed " that each party should have one half the insurance; " and that Knowles brought suit in pursuance of said agreement, and so notified the defendant. This offer was objected to, as incompetent under the pleadings, and the objection was sustained. No further evidence being offered, the court instructed the jury" that the offers here fail to show that Mr. Knowles is entitled to the insurance money," and directed a verdict for the defendant. These rulings are assigned for error.

The policies are by their terms payable to " any lawful beneficiary of the insured." In the application which formed the basis of the insurance, Mary Jacobs was designated as beneficiary. Assuming, as we may in the absence of any suggestion to the contrary, that she had an insurable interest, she must be deemed a lawful beneficiary. She has therefore a prima facie right to the insurance money. Whether the insured, having named her as beneficiary, could afterward, without her consent, substitute another person, may well be questioned. We are not, however, called on to determine this. The insured never did substitute any other person. The indebtedness on his part, averred in the offer, was doubtless sufficient to give the plaintiff an insurable interest in his life, and to sustain an assignment of the policies as a security. But possession of the premium receipt book without more was neither in fact nor law an assignment of the policies. For aught that appears he may have held it for safe keeping. Knowles may have been entitled to reimbursement for premiums paid by him, but such payment gave him no interest in the policies. The relation of debtor and creditor does not of itself give the creditor an interest in the debtor's life insurance; that requires an agreement with those having an interest in the policy.

In his action against the insurance company the plaintiff sought to recover the proceeds of both policies as creditor and beneficiary, and upon this ground (denied by the defendant) the feigned issue was directed. It is averred in the declaration, that all the money due from the company on the policies belongs to the plaintiff, and, presumably, he claimed it under the insurance contract. The whole tenor of the declaration is to this effect, and the issue was so made up. The proof offered did not tend to sustain the allegata in the issue, and was therefore inadmissible. It referred exclusively to an alleged parol agreement with the defendant, for an equal division of the insurance money. There was no attempt to show that Knowles was " the executor or administrator, or relation by blood or a lawful beneficiary of the insured," or that his possession of the premium book was under an agreement by which he acquired an interest, legal or equitable, in either the book or the insurance. Under the pleadings the plaintiff's claim was based on averred contractual rights with the insurance company; under the offer this

claim was ignored and an alleged contract with the defendant was sought to be substituted.

The inquiry was not whether the parties had agreed to divide the money, but which was entitled to the whole. This was the single question for determination under the issue; and no other could be tried or substituted by the plaintiff.

A feigned issue is in form a complete action, and whether it shall be granted is largely a matter of discretion with the court. It is to be molded as the court dictates, and the mode in which this is done is not the subject of a writ of error: Sheetz's Appeal, 35 Pa. 88; Moore v. Dunn, 147 Pa. 359; Kellogg v. Krauser, 14 S. & R. 137; Neff v. Barr, 14 S. & R. 166; Baker v. Williamson, 2 Pa. 116; Brown v. Parkinson, 56 Pa. 336; Cake v. Cake, 106 Pa. 472. While these issues are in an especial manner within the equitable powers of the court (Wilson v. Wilson, 142 Pa. 572) the proceedings under them are well defined. The old and approved form of a count upon a wager, in which the precise question to be tried is stated, and which is settled by the court, if the parties cannot agree, is best adapted to meet the wide range of questions made the subjects of them: Clark v. Douglass, 62 Pa. 408. Each fact in dispute constitutes the subject of a separate issue, and although several issues if not complex may, in the discretion of the court, be tried together before the same jury, there must be a distinct finding upon each issue: Cobb v. Burns, 61 Pa. 278. And when these issues are made up, neither the judge before whom they are tried, nor the appellate court upon a writ of error to the judgment, have any right to modify them, or consider what they ought to have been: Sheetz v. Hanbest's Executors, 81 Pa. 100. The inquiry must be confined to the precise question put in issue, as that is the sole matter for consideration: White v. Rech, 171 Pa. 82. It has also been held that a claimant in an issue, under the sheriffs' interpleader act, who asserts an absolute title to the property levied upon, will not be permitted to show a limited interest on the trial: Meyers v. Prentzell, 33 Pa. 482; Bissell v. Steel, 67 Pa. 443. It follows from these authorities that, as the record stood, the learned trial judge was clearly right in excluding the plaintiff's offer of evidence.

The argument that the court should have permitted the plaintiff to amend his declaration cannot prevail here. Aside from

the fact that these issues are within the discretion of the court framing them, it is to be observed that the court accepted the issue as submitted by the plaintiff's counsel, in form and in substance.   If it was desired to cover facts not embraced in the pleadings the court certainly was not responsible for their exclusion.   Furthermore no exception was taken to the refusal of the court below to allow the amendment, nor is it made the subject of an assignment of error here.   Under the amended equity rules exceptions are necessary in equity proceedings in the same manner as in actions at law.

It may also be observed that the alleged agreement with the defendant seems to have been without consideration on her part. It does not fall within the principles relating to the compromise of a doubtful right.   The doubt, in such a case, must arise from an uncertainty respecting the facts on which the rights of the parties depend.   Here there was no uncertainty; all the facts were undisputed, and there is no question as to their legal effect. Thus there was no doubtful right to compromise.   Nor is it correct to say that the plaintiff brought suit in pursuance of the alleged agreement.   The record shows that suit was brought for the full amount of the insurance in his own name and for his own use.

The assignments of error are overruled and the judgment is affirmed.