Paugh, Appellant, *v.* Delaware County Trust, Safe Deposit and Title Insurance Co.

*Interpleader—Equity—Act of March 11, 1836, P. L. 777—Bill in equity treated as petition for interpleader.*

Where a bank is sued by the administrator of a deceased depositor for the amount of a deposit, and another person claims the deposit, and a bill in equity for an interpleader is filed under the Act of March 11, 1836, P. L. 777, containing all the material essentials of the act, the court may direct the equity proceeding to be certified to the law side of the court to the number and term of the case wherein the bank was sued, and it then may treat the bill as a petition for an interpleader, and grant the interpleader and award a feigned issue.

In such a case the plaintiff in the action of assumpsit has no standing to object that the other claimant to the fund had not been personally served with the rule to appear and answer, and especially so if the record shows that he was present in court and represented by counsel.

Argued Nov. 17, 1915. Appeal, No. 274, Oct. T., 1915, by plaintiff, from order of C. P. Delaware Co., March T., 1914, No. 240, granting interpleader and awarding feigned issue in case of Daniel Paugh, Administrator of the Estate of Mary A. Paugh, deceased, *v.* Delaware County Trust, Safe Deposit & Title Insurance Co. Before RICE, P. J., PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Interpleader to determine the ownership of a deposit. Before BROOMALL, J.

From the record it appeared that on February 17, 1913, Mary A. Paugh deposited $1,000 in the Delaware County Trust, Safe Deposit and Title Insurance Company, taking a deposit book in which was entered her own name and that of her brother, John A. Haney. Daniel Paugh was Mary A. Paugh's husband. The administrator instituted a suit against the trust company and subsequently Haney made a claim for the fund and thereafter filed a bill in equity against the administrator and the trust company to compel the surrender of the book and the payment to him of the amount of the deposit. He claimed the money as his own and that it had been deposited for him by his sister. Subsequently a bill in equity was filed under another term and number in the name of the administrator and against the trust company which contained all the essential materials of the Interpleader Act of March 11, 1836, P. L. 777. The court made an order directing that this bill should be certified to the law side of the court to the number and term of the action of assumpsit brought by the administrator. The court then treated the bill as a petition for an interpleader and a rule to show cause was granted against the administrator and Haney. Subsequently the court made the following order:

"And now, July 10, 1915, it appearing in the court that notice has been duly served upon the plaintiff and upon John A. Haney of the rule granted upon them November 28, 1914, and said Daniel Paugh, administrator, having appeared in answer to the same and John A. Haney having made default and appeared but made no answer, and the court having duly considered the case, it is now ordered that the said John A. Haney be made a party to the suit, and that said Daniel Paugh, administrator, and John A. Haney, interplead as to the subject-matter of this action. And it is further ordered that the Delaware County Trust, Safe Deposit and Title Insurance

Company have leave to pay the money claimed into court, and that on such payment no further proceedings be had against it, and it is discharged of all liability to Daniel Paugh, administrator, or John A. Haney touching the money so claimed in this case, and they and each of them and their attorneys are enjoined and restrained from proceeding in any manner against said trust company for or on account of the money so claimed in this case.

"And it is further ordered that a feigned issue be filed, in which Daniel Paugh, administrator, shall be plaintiff and John A. Haney shall be defendant, to determine the right of property in said fund, and the court reserves the question as to all future orders."

*Error assigned* was the order of the court quoting it.

*Albert Dutton MacDade,* for appellant, Daniel Paugh, Administrator.—The proceedings were wholly regular and the court had no power to grant the interpleader and award the feigned issue.

The court below treated this bill as a petition in interpleader in behalf of the defendant company and a rule was granted upon one party only (Paugh as administrator) to show cause why an issue should not be framed in an interpleader, although the act of assembly requires the rule for cause to issue against both claimants. The rule is therefore defective for this reason and as the remedy is by statute it must be strictly followed.

*John E. McDonough,* for appellee.—Neither of the claims of the parties was frivolous. Haney claimed the money for his own and his petition for leave to intervene, which was not pressed, but a copy of which was incorporated in the company's affidavit of defense, described his very substantial title to this money. Under these circumstances Paugh was deprived of no right which he

had or may yet have in this money. Notice was served upon Haney and he appeared.

If he were not served and had not appeared, he alone could complain of the order in that respect and he is not complaining.

OPINION BY KEPHART, J., March 1, 1916:

A defendant who applies for an interpleader under the Act of March 11, 1836, P. L. 777, must be a mere stakeholder; he may, before plea entered, by disclaimer of all interest in the subject matter of the action, with an offer to bring the money into court and otherwise complying with the act, be relieved of the consequences of the litigation involving this subject-matter. "Where the defendant is a mere stakeholder, with no rights of his own to be litigated, and the suit is to recover money claimed by rivals as between whom the defendant has no interest, it is not error upon his petition to call in the claimant not on the record and to award an issue to determine the right to the fund": Bechtel v. Sheafer, 117 Pa. 555. The Act of March 11, 1836, does not take away the jurisdiction of courts of equity in interpleader proceedings and it may be desirable where there are a large number of claimants to resort to this latter procedure. The defendant proceeded by bill in equity which bill contained the material essentials of the Act of 1836. The court below as authorized by statute directed the proceeding to be certified to the law side of the court to the number and term wherein this plaintiff had instituted suit for the money held by the defendant stakeholder. The bill was then treated as a petition for an interpleader under the act, and the court having found it sufficient made an order wherein it directed that the two claimants to the fund interplead as to the subject-matter of the action and that the defendant should pay the money into court and be relieved and discharged of further proceeding and liability by reason of holding the money as such stakeholder, and it further ordered that a feigned issue be filed......to determine the right of property in said

fund.  The order followed the act of assembly.  It empowered the court to make rules and orders in the cause for carrying out such proceeding to full and complete effect.  The appellant argues that the court should not have granted the interpleader or awarded a feigned issue; but we do not feel that the court abused its discretion in making this order: "a feigned issue is in form a complete action, and whether it shall be granted is largely a matter of discretion with the court": Knowles, Appellant, v. Jacobs, 4 Pa. Superior Ct. 268, and authorities there cited.  This court may inquire into the discretion exercised and if there is a technical abuse of it in granting an issue, this abuse may be corrected:  Book v. Sharpe, 189 Pa. 44, and the right is recognized in De-Zouche v. Garrison, 140 Pa. 430; McSorely v. Coyle, Appellant, 40 Pa. Superior Ct. 560.  Objection is raised that the rule to show cause was not served on Haney, one of the parties.  Though Haney may not have been personally served with the rule to appear and answer, he was present in court and represented by counsel, and is the only one who could take advantage of such failure. The court in its finding states that Haney was served. Under the act the only order the court could make on the petition was one either refusing or granting the interpleader, and in this collateral matter a judgment could not have been entered in appellant's favor on the petition for a feigned issue.  Without discussing whether after the order made defendant was required to file an affidavit of defense in the action of assumpsit, it did file one in which it specifically set forth the claim made by the defendant, Haney, and on which that defendant rested his title to the fund.  It was a complete answer to the plaintiff's statement.  It was not necessary for the defendant to set forth its testimony in detail or that it expected to prove the facts set forth in the affidavit by witnesses other than Haney.

The assignments of error are overruled and a procedendo awarded.