## Hinderer v. Fehnel

*Benjamin Nieman,* for plaintiff.
*Claude T. Reno,* for defendant.

HENNINGER, J., February 23, 1937.—Plaintiff's truck, leased to a third party, was damaged, but not beyond repair, in a collision with defendant's automobile, and, according to the statement of claim, by reason of defendant's negligence. Defendant, claiming to be prejudiced because he cannot set up the defense of contributory negligence against the bailor, questions bailor's right to sue in trespass, he being out of possession and there being no injury to his reversionary interest.

It is admitted that where injury to personal property is committed with force and the owner is in actual or constructive possession of it trespass and not case is the proper remedy; but that if plaintiff is not entitled to the immediate possession case is the proper remedy: 11 C. J. 9, §21. It is also admitted that, since the Act of May 25, 1887, P. L. 271, sec. 2, 12 PS §2, abolishing the distinction in pleading between trespass and trespass on the case, any action may now be maintained in trespass, if the facts would sustain an action formerly maintained in either trespass or case: Weisfield v. Beale, 231 Pa. 39.

Defendant now contends that neither trespass nor case can be maintained by an owner out of possession and not entitled to immediate possession unless there has been a permanent injury to his reversionary interest, and cites from 11 C. J. 9, §21, in support of that proposition:

"Hence for an injury to property which affects its reversionary value, and in which plaintiff has only a reversionary interest, case is the appropriate remedy."

We note that the last quotation is an illustration of a situation in which case would lie and does not pretend to be exhaustive. It admits the possibility, therefore, that case might lie in other situations.

Defendant has also cited Ward et al. v. Taylor, 1 Pa. 238, Srodes v. Caven, 3 Watts 258, and Dick v. Cooper, 24 Pa. 217, to show that trespass does not lie in favor of a bailor out of possession. All of these cases were decided prior to the Act of 1887, hence a finding that trespass does not lie does not preclude a finding that case would be the proper remedy. Furthermore, in Srodes v. Caven, supra, the finding is simply that the bailee may maintain an action, a principle strikingly illustrated in the very recent case of National Bond & Investment Co. v. Gill, 123 Pa. Superior Ct. 341, in which it was held that a release by a bailee was for his own damage and was not binding on the bailor. In Dick v. Cooper, supra, the court denied the alleged bailee's interest because his contract called for the proceeds of the goods and not for their return. In none of these cases was the actual value of the goods diminished.

In Dixon v. White Sewing Machine Co., 128 Pa. 397, decided immediately after the Act of 1887, in which the bailor was denied relief, goods leased to purchasers on the instalment plan by plaintiff's assignor were not disturbed nor destroyed and the alleged trespasser recognized plaintiff's rights as bailor and acted merely in prejudice of the assignor. The plaintiff bailor, therefore, could have suffered no damage and had no cause of action.

On the other hand, it is clearly settled that the bailor out of possession and not entitled to immediate possession may sue for damages to the bailed chattel: Gibson v. Bessemer & Lake Erie R. R. Co., 226 Pa. 198; Nassar v. Pittsburgh Rys. Co., 105 Pa. Superior Ct. 352; General

Motors Acceptance Corp. v. Baltimore & Ohio R. R. Co., 97 Pa. Superior Ct. 93.

Furthermore, the courts in these cases have recognized that the bailee's contributory negligence, while available in an action for his damages, is no bar to the bailor's claim. Defendant's plea of hardship is answered by the fact that without his own negligence no damage could have been sustained and that, the opinion of many persons to the contrary notwithstanding, the automobile, in the eyes of the law, is not an instrumentality inherently dangerous: General Motors Acceptance Corp. v. Baltimore & Ohio R. R. Co., supra.

We are not required to decide this case, however, on the general right of the bailor to sue in trespass since 1887, because, in our opinion, the case comes within one of the recognized exceptions, namely where an injury has been done to the reversionary value of the bailed article.

Here again defendant demurs on the ground that action lies only for total destruction of the bailed goods. He cites no cases where courts have specifically so held, but calls our attention to the cases in which recovery has been allowed and points out that the goods have either been totally destroyed, or destroyed beyond repair, or, by the trespass, the possibility of their return to the bailor at the termination of the bailment has been prevented through the wrongful acts of the respective defendants. This argument overlooks the fact that in at least one of these cases, Gibson v. Bessemer & Lake Erie R. R. Co., supra, recovery was allowed not only for a horse killed but for buggy and harness merely damaged; that the courts in this and the other cases have never discussed the necessity for total as well as permanent destruction of the reversionary value; and that the admitted requirement is for permanent and not for total destruction of the reversionary value.

True, a partial destruction might be so slight as not to affect the bailor's reversionary interest, considering that the bailor has a margin of value and that the goods are

subject to the usual option to purchase at one dollar at the termination of the lease, but it is just as plain that damage less than total may not leave sufficient value to protect the bailor's reversionary interest.

But defendant argues that a partial destruction is a temporary and not a permanent destruction. What a paradise for reckless drivers and what a calamity for repairmen if this were true, that broken frames would in time mend and bent fenders assume their former shape. This, alas, is not the case, and a car, no matter how slightly damaged, is and remains permanently damaged unless someone expends time and money on its repair. The fact that one usually repairs does not make the original damage any the less permanent.

Whether or not the amount of this permanent damage is sufficient to affect the value of plaintiff's reversionary interest in the automobile is a matter for future decision at the trial of the case. He must then convince the court and jury that the value after the collision wipes out his margin of safety and that the injuries to the car ate into his share of its value. If, by the terms of the lease, it is lessee's duty to repair and if lessee had performed this duty and restored the automobile to its value before the accident, plaintiff might have no damage, but that is a matter of defense and for proof at the trial.

Defendant's next point is that the measure of damages is improperly stated, and in this we must agree. Unless plaintiff is entitled to immediate possession of the automobile he cannot recover for loss of use, while the cost of repair and the depreciation are relevant only as factors in determining the injury to the reversionary value of the damaged automobile: General Motors Acceptance Corp. v. Baltimore & Ohio R. R. Co., supra. But a misstatement of the measure of damages cannot be taken advantage of by an affidavit of defense raising questions of law: Scranton Axle & Spring Co. v. Scranton Board of Trade, 271 Pa. 6; Davis et al. v. Investment Land Co., 296 Pa. 449.

Amendment of the measure of damages may be made at any time, even at trial, but, since the question is raised now, defendant is entitled to have the amendment made at this time. We further believe that defendant is entitled to know the terms of the bailment in order to prepare his defense.

Now, February 23, 1937, the affidavit of defense raising questions of law is overruled and plaintiff is given leave to file an amended statement setting forth the terms of bailment and the damages claimed, to which an affidavit of defense to the averments of fact may be filed according to law; proceedings to stay pending the filing of such amended statement.

From Edwin L. Kohler, Allentown.