ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, A Zurich North America Insurance Company

v.

Thomas W. BUDZOWSKI, Individually, and Thomas W. Budzowski, Administrator of the Estate of Gloria J. Budzowski, Deceased, Mark Palmer, Individually, and Mark Palmer, Executor of the Estate of Sandra Palmer, Deceased, David R. Dickens, Eileen M. Dickens, Matthew S. Dickens, Robert L. Barron, Joyce A. Barron, Allstate Insurance Company, Travelers Indemnity Company, State Farm Mutual Automobile Insurance Company, Cigna Group, Church Mutual Insurance, Slipstream Expedited Services, Inc., Ewa W. Ehrlich a/k/a Ewa Z. Erlich a/k/a Ewa Wypchal, Stanislaw J. Zygmont, and S.E. Logistics, Inc.

Appeal of Thomas W. Budzowski, Individually, and Thomas W. Budzowski, Administrator of the Estate of Gloria J. Budzowski, Deceased, Mark Palmer, Individually, and Mark Palmer, Executor of the Estate of Sandra Palmer, Deceased, David R. Dickens, Eileen M. Dickens.

Superior Court of Pennsylvania.

Argued May 14, 2014.

Filed June 30, 2014.

Joseph A. Cullen, Yardley and Joshua A. Reed, Harrisburg, for appellants.

Clinton E. Creasy, Philadelphia, for Conoco, appellee.

Michael F. Schleigh, King of Prussia, for Slipstream, appellee.

BEFORE: FORD ELLIOTT, P.J.E., OLSON and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Thomas W. Budzowski, Individually and as the Administrator of the Estate of Gloria J. Budzowski, deceased; Mark Palmer, Individually and as the Executor of the

* Retired Senior Judge assigned to the Superior Court.

Estate of Sandra Palmer, deceased; David R. Dickens; and Eileen Dickens (collectively Appellants) appeal from the July 18, 2013 order granting the motion of Slipstream Expedited Services, Inc. (Slipstream) to coordinate in Dauphin County, filed pursuant to Pa.R.C.P. 213.1. We reverse and remand for further proceedings.

The trial court summarized the background underlying this matter as follows.

By Order dated July 18, 2013, [the trial court] granted the request of [Slipstream] to coordinate the above-captioned interpleader action (hereinafter, the "Interpleader Action") with that of a later-filed Philadelphia County wrongful death/survival/personal injury action [ (Personal Injury Action) ]. More specifically, Slipstream sought to transfer the [Personal Injury] Action to Dauphin County and to consolidate it with the Interpleader Action. On April 18, 2013, [Appellants] filed a Response to Slipstream's Motion. Oral argument was heard on June 26, 2013.

This case arose from a multi-vehicle accident which occurred in Lower Swatara Township, Dauphin County, Pennsylvania, on or about April 23, 2010. Stanislaw Zygmont (hereinafter, "Zygmont"), the driver of a box truck traveling on Route 283, struck a Plymouth Voyager van being operated by Gloria J. Budzowski. The Plymouth Voyager became entangled with the box truck and struck a third vehicle, a Toyota Camry, owned and being operated by David R. Dickens, and in which Eileen M. Dickens and Matthew S. Dickens were riding as passengers. The Toyota Camry then struck a Mercury Milan owned and being operated by Robert L. Barron. Joyce A. Barron was riding as a passenger in the Mercury Milan. Gloria J. Budzowski and her passenger, Sandra Palmer, were killed in the multi-vehicle accident.

On April 22, 2011, Plaintiff Zurich American Insurance Company of Illinois, a Zurich North American Insurance Company (hereinafter, "Zurich"), the trucking liability insurance carrier for Defendants S.E. Logistics, Inc., the owner of the above-mentioned box truck, and Zygmont, filed an Interpleader Complaint seeking to pay into the court the policy limits, in the amount of $1,000,000, stemming from the insurance policy it had issued to S.E. Logistics, Inc. and Zygmont.[1]

---

1 Zurich initiated an equitable interpleader action to avoid the running of interest on its payment. See, *Shellhamer v. Grey*, 359 Pa.Super. 499, 519 A.2d 462 (1986); *Paugh v. Delaware County Trust, Safe Deposit & Insurance Co.*, 62 Pa.Super. 523 (1916).

At the time of Zurich's filing its Interpleader Complaint, Appellant Thomas W. Budzowski, individually, and as the Administrator of the Estate of Gloria J. Budzowski, had already filed a wrongful death/survival action (hereinafter, the "Dauphin County Action") against S.E. Logistics, Inc., Zygmont, Slipstream, and Ewa W. Ehrlich in Dauphin County at No. 2010–CV–13954–CV.

On December 27, 2011, more than eight (8) months after Zurich filed its Interpleader Complaint, Appellant Budzowski discontinued the Dauphin County Action in favor of joining the [Personal Injury] Action commenced by [the other] Appellants on or about April 4, 2012, at No. Phila. C.C.P. April 2011 No. 439.

Trial Court Opinion, 10/24/2013, at 1–3.

On at least two occasions, Slipstream challenged Philadelphia as the venue in the Personal Injury Action. On April 24, 2012, Slipstream filed preliminary objections wherein it, *inter alia*, challenged venue, claiming that the matter should be trans-

ferred from Philadelphia to Dauphin County. In September of 2012, Slipstream filed a petition to transfer venue for *forum non conveniens* wherein it again requested that venue be transferred to Dauphin County. The trial court in the Personal Injury Action denied the petition to transfer venue on March 11, 2013. The following day, that court overruled Slipstream's preliminary objections to venue.

A week after the Philadelphia Court of Common Pleas refused to transfer venue, Slipstream filed a motion pursuant to Pa. R.C.P. 213.1 in the Dauphin County Court of Common Pleas regarding the Interpleader Action.[1] In that motion, Slipstream asked the court to coordinate the Interpleader Action with the Personal Injury Action and to transfer the Personal Injury Action to Dauphin County.

The trial court granted Slipstream's motion, and Appellants timely filed a notice of appeal. The trial court directed Appellants to comply with Pa.R.A.P. 1925(b), and Appellants subsequently filed a Pa. R.A.P. 1925(b) statement. In their brief to this Court, Appellants ask us to consider one question, namely, "Did the Dauphin County trial court abuse its discretion when it transferred the Philadelphia County wrongful death/survival/personal injury action to Dauphin County and then consolidated it with the Dauphin County interpleader action?"[2] Appellants' Brief at 4.

Although Appellants assert a single question, it is a compound question. Appellants contend that the trial court erred by coordinating the Interpleader and Personal Injury Actions and doing it in Dauphin County. Appellants assert that the trial court did not consider properly the matters listed under subsection (c) of Rule 213.1.

Rule 213.1 states, in relevant part, as follows.

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

\* \* \*

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

---

1. When Slipstream filed its motion on March 18, 2013, it failed to follow a Dauphin County rule. Slipstream refiled the motion on April 1, 2013.

2. This question tracks the language of the trial court's order. However, despite the language, what the trial court did pursuant to Pa.R.C.P. 213.1 was to coordinate the Personal Injury and the Interpleader Actions and to coordinate them in Dauphin County.

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

(d) If the court orders that actions shall be coordinated, it may

* * *

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending, or

(3) make any other appropriate order.

Pa. R.C.P. 213.1.

Appellants assert first that coordination was unnecessary, because there are no common questions of law or fact that are predominant and significant to the litigation.

We agree. While the Interpleader Action arose from the same vehicle accident as the Personal Injury Action, there is no predominating question of law or fact in these two types of actions. Zurich has paid its money into court where it awaits the resolution of the other action.

This case is analogous to the recently decided case of *Dillon McCandless King Coulter & Graham, LLP v. Rupert*, 81 A.3d 912 (Pa.Super.2013). There, Husband, his attorney, and the attorney's law firm brought a declaratory judgment action in Butler County against the attorney's former client, Wife, seeking a declaration as to the validity of documents executed by her. Wife then filed a malpractice action in Allegheny County against the attorney and the law firm.

The Butler County court coordinated the actions in Butler County, and Wife appealed. In an alternative holding, this Court noted that the trial court had abused its discretion in analyzing the Rule 213.1 factors. There existed no predominating question of fact or law. The validity of the documents Wife signed was unrelated to the malpractice allegedly committed. This Court stated that the "present litigation was nothing more than a ploy designed to deprive [Wife] of the benefit of her chosen forum in which to litigate her malpractice case." *Rupert*, 81 A.3d at 920.

The same can be said of Slipstream's motion to coordinate in Dauphin County after it twice was unsuccessful in Philadelphia County in its attempts to escape that venue.

Appellants also contend that, by coordinating the actions in Dauphin County, the trial court is allowing the tail to wag the dog and depriving the personal injury plaintiffs of their choice of forum. Given our disposition of the first issue that coordination is improper, we need not reach the issue of where to coordinate.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Judge OLSON concurs in the result.